UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALLISON VALDEZ DELACRUZ,**<br>Plaintiff,<br>vs.<br>**NANCY A. BERRYHILL,**<br>Defendant. | CASE NO. 18-cv-00715-YGR<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br>Re: Dkt. No. 44 |

On February 1, 2018, plaintiff Allison Valdez Delacruz filed the instant action against defendant Nancy Berryhill, as Acting Commissioner of the Social Security Administration, seeking judicial review of defendant's finding that plaintiff was not disabled under the Social Security Act ("SSA"). (Dkt. No. 1.) Thereafter, the parties filed cross-motions for summary judgment. (Dkt. Nos. 34, 39.) In her motion for summary judgment, plaintiff argued, in part, that the Administrative Law Judge ("ALJ") erred by finding that plaintiff did not meet Listing 1.04 on Step Three of the five-step framework for determining disability. (Dkt. No. 34 at 3-7.)

On June 27, 2019, the Court entered an order granting plaintiff's motion for summary judgment, denying defendant's cross-motion for summary judgment, and remanding the action to the ALJ for further administrative proceedings. (Dkt. No. 42 ("Order").) In so holding, the Court analyzed the administrative record and found that the ALJ's Step Three determination was no more than a few sentences long and that the decision overall "contain[ed] few references to medical evidence regarding the Listing 1.04 criteria." (*Id.* at 12.) The Court also considered, but expressly declined, taking a position on whether plaintiff had satisfied Step Three. (*Id.* at 15.)

Rather, the Court held remand was warranted to allow the ALJ "to explain his analysis as to Step Three and if necessary, reevaluate his determinations as to the subsequent steps." (*Id*. at 16.)

Delacruz now brings a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), arguing that the Court erred in remanding the case to the ALJ rather than awarding payment of benefits. (Dkt. No. 44.) Specifically, Delacruz repeats her arguments regarding Step Three, claiming that she has met the criteria for Listing 1.04, and accordingly, "there are no outstanding issues that must be resolved before a determination of disability can be made" in her favor. (*Id*. at 9.)[1]

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Although a Rule 59(e) motion permits a district court to alter or amend a judgment, it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)). The Ninth Circuit has noted that relief from judgment under Rule 59(e) is "extraordinary" and "should be used sparingly." *McDowell v. Caldero*n, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (citation omitted); *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (noting that a moving party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" justify its application).

Plaintiff's briefs invoke the first and second grounds for Rule 59(e) relief set forth in *Herron*. The Court considers each in turn.

As to the first ground, to succeed on a theory that the court manifestly erred, a moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the motion appropriate for decision without oral argument.

2

prior decision." *Zeitler v. Berryhill*, No. 5:16-CV-00862-EJD, 2017 WL 6017853, at *1 (N.D. Cal. Dec. 5, 2017) (quoting *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010)). Here, plaintiff contends that relief from judgment is necessary "to correct manifest errors of law because the relevant facts in the record meet[] all three prongs of the *Harman* [*v. Apfel,* 211 F.3d 1172, 1178 (9th Cir. 2000)] criteria upon which this Court's judgment was based." (Dkt. No. 46 ("Reply") at 4.) Plaintiff's argument, however, does not persuade. The Court's prior order cited *Harman* for the standard governing remand for an award of benefits. (Order at 15.) Given that the ALJ did not adequately explain his Step Three determination and numerous outstanding issues remained, the Court found that it was appropriate to remand for further administrative proceedings rather than an award of benefits. (*Id*. at 15-16.) Plaintiff has not presented any "strongly convincing" facts or law to warrant a different result, instead she generally raises the same arguments she presented on summary judgment as to Step Three, which the Court fully considered.[2] "Mere doubts or disagreement about the wisdom of a prior decision," however, "[are] insufficient to warrant granting a Rule 59(e) motion." *Zeitler*, 2017 WL 6017853, at *1 (quoting *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016)) (internal quotation marks omitted).[3] Accordingly, plaintiff is not entitled to relief based on the ground of a "manifest error of law."

With respect to the second ground for relief under *Herron*, plaintiff's reply brief purports to present "previously unavailable evidence," namely, a certification from Dr. Steven Schumann

---

[2] Plaintiff appears to raise one new basis for this Court to rule in her favor, arguing that she has satisfied Listing 1.04(B), which concerns spinal arachnoiditis. (Dkt. No. 44 at 7-8.) Plaintiff's argument is unavailing. Although plaintiff cites to x-ray and MRI results in the administrative record showing that she suffered from degenerative disc disease (evidence which the Court considered and addressed in its prior order), plaintiff does not identify any medical imaging reports showing "arachnoiditis" or a medically equivalent diagnosis, which plaintiff acknowledges is required under Listing 1.04(B.) (*Id*.)

[3] Plaintiff's argument that there are "no outstanding issues that need to be resolved" also fails to persuade. In its prior decision, the Court expressly found that the ALJ's decision failed to explain the basis for his Step Three finding, including explaining his analysis of all the relevant evidence and his reconciliation of conflicting evidence. Because this Court was obligated to base its decision on the cross-motions for summary judgment on "only the reasons provided by the ALJ in the disability determination," *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and the ALJ's reasoning was unclear, there are outstanding issues that must be resolved before plaintiff may be entitled to a payment of benefits.

3

dated September 26, 2017, which plaintiff claims shows that she "was totally and permanently disabled because her medically determinable physical impairment prevents her from engaging in any substantial gainful activity." (Reply at 3, Ex. A.) This "evidence" does not justify relief from judgment, however, because the certification (i) is consistent with Dr. Schumann's previous findings, which were already part of the administrative record and considered by the Court (*see* Order at 3-4), and (ii) does not, by itself, establish that plaintiff has satisfied the Listing 1.04 criteria such that no further administrative proceedings are necessary.

In sum, the Court finds that this is not an "extraordinary" circumstance that warrants relief from judgment, and accordingly, plaintiff's motion to alter or amend judgment is **DENIED**.

This Order terminates Docket Number 44.

**IT IS SO ORDERED.**

Dated: July 19, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**